UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | 1:14-cr-0203-TWP-TAB |
| ) | |
| DJUANE LAMAR MCPHAUL, ) | |
|     Defendant. ) | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE**

Comes now Defendant, DJUANE LAMAR MCPHAUL, by counsel, Theodore J. Minch, and hereby tenders Defendant's Response to the Government's Motion in Limine (Dkt 71) as follows:

**I.    POTENTIAL PENALTY ON CONVICTION.**

Defendant has NO OBJECTION to Government's Motion in Limine I.

**II.   PRO SE CIVIL RIGHTS ACTION ARISING OUT OF AN UNRELATED MATTER.**

The Government seeks an order in limine prohibiting Defendant from introducing evidence regarding his pending pro se civil rights action against the Ball State University Police Department ("BSUPD") arising out of Defendant's April 20, 2013 arrest by BSUPD.  The Government moves, in limine, to bar this evidence under Federal Rule of Evidence 401 and 403. Dkt 71 at pp. 2-3.  In short, the Government argues that:

> "Rule 401 of the Federal Rules of Evidence (FRE) provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FRE 402 provides that "[e]vidence which is not relevant is not admissible." Relevant evidence, however, may be excluded "if its probative value is substantially outweighed by the danger of . . . unfair prejudice . . . ." FRE 403. The "fact that is of consequence to the determination of [this cause]" is defendant's knowing possession of the handgun, ammunition, and body armor with which he is charged."

Dkt 71 at p. 3.

As alleged by Defendant in the civil cause, eight (8) months prior to the alleged activities in this Case, Defendant was assaulted by BSUPD officers, including but not Officer David Barnes ("Barnes"), listed by the Government as a plaintiff's witness.  See generally, *McPhaul v. Ball State University Police, et. al.*, Case No.  1:14-cv-0623 JMS MJD, Dkt. 1; Dkt 75 at p. 1. In fact, as uncovered by Defendant in the July 2, 2015 hearing on Defendant's motion to suppress, Barnes and lead officer in this investigation, Andrew Sell ("Sell), also listed by the Government as a plaintiff's witness in the trial of this matter,  Sell and Barnes were (i) close friends who had worked together, on the same (late) shift for the BSUPD, (ii) Sell had contacted Barnes by cell phone, off dispatch so as not to be recorded, shortly before Defendant's arrest while Sell was investigating Defendant, to discuss Defendant and why Sell believed Defendant was "familiar to him," and (iii) Sell was aware of the April 20, 2013 incident involving Defendant and Barnes either before his contact with Barnes or after contacting Barnes by cell phone.

It is well settled that evidence is admissible which shows bias, prejudice, or antagonism on the part of a witness toward the defendant. *Powers v. State*, 204 Ind. 472, 184 N.E. 549 (1933); *Cook v. State*, 169 Ind. 430, 82 N.E. 1047 (1907); *Pettit v. State*, 135 Ind. 393, 34 N.E. 1118 (1893) . In *Clark v. State*, 264 Ind. 524, 348 N.E.2d 27, cert. denied, (1978) 439 U.S. 1050, 99 S.Ct. 731, 58 L.Ed.2d 711 (1976), the Indiana Supreme Court recognized that evidence of bias is not considered collateral and that courts are generally liberal in allowing it.

Turning to Seventh Circuit law, the Seventh Circuit has held that "… [i]n ruling on the admission of evidence, the district court has broad discretion in weighing the probative value against any potential prejudice. Accordingly, we give that determination great deference. …"

*U.S. v. Thompson*, 359 F.3d 470, 478, 63 Fed. R. Evid. Serv. 1206 (7th Cir. 2004). "Because the trial court is in a better position to evaluate both the probative and the prejudicial impact of evidence, 'a reviewing court will not lightly overturn the trial court's assessment.' …" *U.S. v. Thompson*, 359 F.3d at 478 citing *United States v. Peters*, 791 F.2d 1270, 1295 (7th Cir.1986), *superseded by statute on other grounds as stated in United States v. Guerrero*, 894 F.2d 261, 267 (7th Cir.1990).

In Thompson, the Seventh Circuit further noted that "The Supreme Court has noted that [b]ias is a term used in the 'common law of evidence' to describe the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party. Bias may be induced by a witness' like, dislike, or fear of a party, or by the witness' self-interest. Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess allevidence which might bear on the accuracy and truth of a witness' testimony." *U.S. v. Thompson*, 359 F.3d at 478 citing *United States v. Abel*, 469 U.S. 45, 52, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). "The admissibility of evidence regarding a witness's bias ... in his testimony is not specifically addressed by the Rules and thus admissibility is limited only by the relevance standard of Rule 402." *United States v. Lindemann*, 85 F.3d 1232, 1243 (7th Cir.1996) (citing 27 Charles Allen Wright & Victor James Gold, *Federal Practice and Procedure* § 6092 (1990)).

Turning back to the Indiana Supreme Court's interpretation of like issues, in *Key v. State*, and in *Guise v. State*, the Indiana Supreme Court held it was held reversible error for the trial court to have excluded certain impeachment evidence offered by the defendant. *Key v. State*, 235 Ind. 172, 132 N.E.2d 143 (1956); *Guise v. State*, 171 Ind.App. 680, 359 N.E.2d 269 (1977).

Bias, interest, and prejudice is always relevant and, while perhaps prejudicial, given the

facts and circumstances of this Case, evidence of the bias and / or interest Sell and / or Barnes (and others) may have towards Defendant as a result of Defendant's currently pending civil suit against Barnes, BSUPD, and others is a proper area of inquiry in this Case.

### III.     CONCLUSION.

Based upon the foregoing, the Government's Motion in Limine II. should be DENIE. Defendant has no objection to Government's Motion in Limine I.  See generally, Dkt 71.

WHEREFORE, Defendant, DJUANE LAMAR MCPHAUL, by counsel Theodore J. Minch, hereby respectfully requests the Court DENY the Government's motion in limine II. and for all other relief, just and appropriate in the premises.

SOVICH MINCH, LLP,

/s/ Theodore J. Minch
_____
Theodore J. Minch (IN 18798-49)
10500 Crosspoint Boulevard
Indianapolis, Indiana 46256
E-mail:  tjminch@sovichminch.com
Phone:  317-335-3601

*Attorneys for Defendant Djuane Lamar McPhaul*

### CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing was served on the below by operation of the Court's electronic filing system this 16th day of July, 2015.  Parties may access this filing through the Court's system.

Jeffrey D. Preston, Esq.
Assistant United States Attorney
jeffrey.preston@usdoj.gov

/s/ Theodore J. Minch
_____
Theodore J. Minch
Sovich Minch, LLP